#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### DISTRICT OF COLUMBIA

| | |
|---|---|
| MADELINE RIGGILADEZ, <br> 5793 Burke Town Court <br> Burke, VA  22015 <br><br> Plaintiff, <br><br> v. <br><br> HON. FRANCIS J. HARVEY, <br> Secretary of the Army, <br> 101 Army Pentagon <br> Washington, DC  20310-0101 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No. 1:06-cv-1337 (RJL) <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## AMENDED COMPLAINT

Plaintiff Madeline Riggiladez ("Plaintiff") brings this action to redress deprivation and interference of rights secured by the Age Discrimination in Employment Act, 29 U.S.C. § 626, *et seq*. (the "ADEA"), and the Rehabilitation Act of 1973, 29 U.S.C. § 791, et seq. (the "RHA")

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1332, 29 U.S.C. §§ 633a(c) and 794, and 42 U.S.C. §§ 1217 and 2000e-5, for claims arising under the laws of the United States.

2.   Venue is proper in this district because the discriminatory acts and harassment giving rise to the claims occurred in this district.  In addition, this is the District in which Plaintiff worked for Defendant and in which Plaintiff would have worked but for the discriminatory actions of Defendant.

## THE PARTIES

3.      Plaintiff was at all times relevant an individual with a disability as that term is defined under the RHA because, as outlined below, Defendant at all times relevant perceived Plaintiff to have a disability.  Plaintiff was also at all times relevant an employee within the meaning of the RHA and ADEA.  Plaintiff resides at 5793 Burke Town Court, Burke, VA 22015.  Plaintiff was at all times relevant to this action over the age of fifty.

4.      Defendant, Francis J. Harvey, Secretary of the Army ("Defendant" or the "Agency"), is sued here in his official capacity.  Defendant's official place of business is 101 Army Pentagon, Washington, D.C.  20310-0101. Defendant is responsible for and has the authority necessary to conduct all affairs of the Department of the Army.  Defendant was at all times relevant an employer within the meaning of the ADEA and RHA.

## FACTS

5.      Plaintiff was hired by, and began work as a nurse for, Defendant at the Walter Reed Army Medical Center in Washington, D.C. in November 2002.  At all times relevant hereto, Plaintiff performed her duties as a Clinical Nurse at the Hospital at or above applicable standards.

6.      In February 2004, Plaintiff injured her knee, sustained a vitreous detachment of her left eye, and injured her left lateral central incisor while performing her duties at the Hospital.  These injuries caused Plaintiff to miss approximately fifteen days of work.  Upon being cleared by her physicians to return to work, Plaintiff immediately returned to work.

7.      Upon Plaintiff's return to work, Plaintiff was subjected to ongoing harassment and discriminatory treatment from her supervisors and coworkers on account of her age and perceived disability status.  This harassment and discriminatory treatment took many forms,

including but not limited to, random and unnecessary shift changes, derogatory statements from supervisors and coworkers with regard to Plaintiff's age, and unfounded accusations of wrongdoing and poor performance.

8. The aforementioned harassment and discrimination caused Plaintiff to have to see a psychiatrist and psychologist who diagnosed Plaintiff with a nervous disorder – the onset of which was caused by the harassment and discrimination to which Plaintiff was subjected at the Hospital. Plaintiff was prescribed medication by her physicians to help her cope with the emotional distress.

9. In late May 2004, Plaintiff was again injured on the job while tending to one of her patients. While attempting to help an overweight patient sit up in bed, Plaintiff sprained both her back and her groin and re-injured her knee. These injuries forced Plaintiff to miss approximately four months of work -- from late May 2004 through early September 2004.

10. In September 2004, Plaintiff's physicians cleared her to return to work with a start date of October 1, 2004. Thereupon, Plaintiff immediately informed Hospital personnel of this clearance and noted that she planned to return to work on October 1, 2004.

11. Shortly after Plaintiff informed the Hospital that she would be returning to work, and before Plaintiff was able to return to work, Plaintiff received a Notice of Proposed Removal (the "Notice") from Defendant, stating that Defendant intended to remove Plaintiff from her position at the Hospital.

12. Plaintiff subsequently contacted the Hospital's EEO office in early November of 2004 and filed an informal charge of discrimination with the office. An informal investigation was undertaken by the office.

13. After the EEO office completed its initial investigation in January 2005, Plaintiff filed her formal complaint of discrimination on January 25, 2005. In her complaint, Plaintiff alleged that she had been discriminated against based on her age and perceived disability and that she had been retaliated against for filing an EEO charge and engaging in FMLA protected activities.

14. Although Plaintiff made several attempts to inquire as to the status of her employment at the Hospital and informed Defendant of her ability and desire to return to work subsequent to the filing of her informal EEO charge, Defendant retaliated against Plaintiff by not permitting Plaintiff to return to work between November 2004 and February 2005. Nor did Defendant inform Plaintiff as to the status of her employment at the Hospital during this post-EEO charge filing period. Thus, Plaintiff was denied the ability to perform her duties at the Hospital after filing her complaint of discrimination against the Hospital.

15. Similarly, Defendant did not pay Plaintiff any salary during this time. Thus, Plaintiff was deprived of any income after filing her charge of discrimination against Defendant. Defendant also refused to pay FECA benefits due to Plaintiff during this time, even though Plaintiff had earlier provided all information necessary for Defendant to approve the benefits.

16. Defendant terminated Plaintiff's employment on February 8, 2005.

17. Defendant replaced Plaintiff with a younger employee who was not disabled within the meaning of the RHA and who Defendant did not perceive to be disabled.

18. These actions and the prior actions of Defendant noted above not only caused Plaintiff to suffer extreme emotional and physical distress, but also caused Plaintiff extreme financial hardship.

## ADMINISTRATIVE PREREQUISITES TO SUIT

19. Plaintiff initiated contact with the Hospital's EEO Office and filed an informal charge of discrimination in November 2004.

20. Plaintiff filed her formal complaint of investigation in January 2005.

21. The EEO Office issued its Post Optional Letter on October 10, 2005.

22. Plaintiff requested final Agency action in October 2005, well within thirty days of the Post Optional Letter.

23. According to relevant regulations, the Agency had sixty (60) calendar days from the date of receipt of Plaintiff's request for final agency action to issue a final decision.

24. It has now been more than 180 days from the date of Plaintiff's filing of her EEO complaint in this action.

25. Plaintiff has satisfied all required conditions precedent to this action, and therefore has exhausted the administrative process. Because the Agency did not responded within the requisite time frame, Plaintiff is within her rights to initiate the instant lawsuit in federal district court.

## COUNT I

## DISCRIMINATION UNDER THE REHABILITATION ACT AND/OR THE ADA

26. Plaintiff incorporates paragraphs 1 through 25 herein by reference as if fully set forth at length.

27. From February 2004 through the termination of her employment in February 2005, Defendant perceived Plaintiff to be a qualified individual with a disability with Section 501 of the RHA (and Section 3(2)(C) of the ADA, 42 U.S.C. § 12102(2)(C)).

28. By its actions noted above between September 2004 and February 2005, Defendant intentionally discriminated against Plaintiff in violation of the RHA and ADA.

29. Defendant's conduct has been intentional, deliberate, willful, and conducted in callous disregard of the rights of Plaintiff.

30. As a direct and proximate result of said intentional acts, Plaintiff has suffered loss of employment, physical and emotional damage and suffering, loss of income, loss of other employment benefits, and has suffered and continues to suffer emotional distress, humiliation, great expense, and embarrassment and physical and emotional damage.

WHEREFORE, Plaintiff requests legal and equitable relief including:

    a. a declaration that defendant's conduct toward her was unlawful;

    b. back pay with interest;

    c. front pay;

    d. compensatory damages in an amount in excess of $150,000;

    e. punitive damages;

    f. attorneys' fees and costs.

## COUNT II

### VIOLATION OF THE REHABILITATION ACT AND/OR THE ADA - RETALIATION

31. Plaintiff incorporates paragraphs 1 through 30 herein by reference as if fully set forth at length.

32. Defendant's failure to pay Plaintiff any salary and eventual termination of Plaintiff after she complained of the harassment and disparate treatment she faced at work is a violation of the RHA, which prohibits any person or entity from discriminating against any

6

individual because such individual has opposed any act or practice made unlawful by the RHA (and Section 12203(a) of the ADA).

33. Defendant's actions were outrageous, willful, wanton, and undertaken with reckless disregard and indifference to the rights of Plaintiff.

WHEREFORE, Plaintiff requests legal and equitable relief including:

    a. a declaration that Defendant's conduct toward her was unlawful;

    b. back pay with interest;

    c. reinstatement to the position she would have enjoyed if not for defendant's unlawful action or, in lieu thereof, front pay;

    d. compensatory damages in an amount in excess of $150,000;

    e. punitive damages;

    **f.** attorneys' fees and costs.

## COUNT III

### VIOLATION OF THE ADEA - DISCRIMINATION

34. Plaintiff incorporates paragraphs 1 through 33 herein by reference as if fully set forth at length.

35. Defendant's actions noted above were willful and with reckless disregard for Plaintiff's federally-protected rights.

36. Defendant's actions, noted above violated the antidiscrimination provisions of the ADEA.

37. Defendant willfully discriminated against Plaintiff on account of her age in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1).

38.     As a direct and proximate consequence of Defendant's unlawful and discriminatory employment policies and practices, Plaintiff has suffered a loss of potential income and other Agency-sponsored benefits.

WHEREFORE, plaintiff requests legal and equitable relief including:

a.  A declaratory judgment, pursuant to 28 U.S.C. § 2201-2202, that Defendant has willfully violated the ADEA;

b.  For a money judgment representing compensatory and consequential damages, including lost wages, and all other sums of money, together with interest on said amounts;

c.  For a money judgment representing liquidated damages for defendant's willful violations of the Age Discrimination in Employment Act;

d.  For a money judgment representing prejudgment interest;

e.  A court order that Defendant pay Plaintiff front pay, in an amount to be determined;

f.  punitive damages;

g.  compensatory damages for, among other things, Plaintiff's emotional distress, in an amount in excess of $150,000;

h.  an award of reasonable attorneys' fees and costs and expenses;

i.  such other and further relief as is deemed appropriate.

## COUNT IV

## **VIOLATION OF THE ADEA - RETALIATION**

39. Plaintiff incorporates paragraphs 1 through 38 herein by reference as if fully set forth at length.

40. Defendant's actions noted above were willful and with reckless disregard for Plaintiff's federally-protected rights.

41. Defendant's actions, noted above violated the retaliation provisions of the ADEA.

42. Defendant willfully discriminated against the Plaintiff on account of her age in violation of the ADEA's anti-retaliation provisions.

43. As a direct and proximate consequence of Defendant's unlawful and discriminatory employment policies and practices, Plaintiff has suffered a loss of potential income and other Agency-sponsored benefits.

WHEREFORE, plaintiff requests legal and equitable relief including:

    a. A declaratory judgment, pursuant to 28 U.S.C. § 2201-2202, that Defendant has willfully violated the ADEA;

    b. For a money judgment representing compensatory and consequential damages, including lost wages, and all other sums of money, together with interest on said amounts;

    c. For a money judgment representing liquidated damages for defendant's willful violations of the Age Discrimination in Employment Act;

    d. For a money judgment representing prejudgment interest;

      e.      A court order that Defendant pay Plaintiff front pay, in an amount to be determined;

      f.      punitive damages;

      g.      compensatory damages for, among other things, Plaintiff's emotional distress, in an amount in excess of $150,000;

      h.      an award of reasonable attorneys' fees and costs and expenses;

      i.      such other and further relief as is deemed appropriate.

Dated: December 18, 2006                      Respectfully submitted,

*//s// Jason H. Ehrenberg*
_____
James C. Bailey
Jason H. Ehrenberg
BAILEY & EHRENBERG PLLC
1155 Connecticut Avenue NW
Suite 1100
Washington, D.C. 20036
Tel: (202) 465-4729
Fax: (202) 318-7071
jhe@becounsel.com

**CERTIFICATE OF SERVICE**

      I, Jason H. Ehrenberg, hereby certify that on this 18th day of December 2006, I caused a true and correct copy of the foregoing to be served via electronic mail through the District Court's ECF filing system, upon the following:

> Steven M. Ranieri
> Special Assistant U.S. Attorney
> 555 Fourth Street, N.W.
> Washington, D.C.  20530

                                            //s// *Jason H. Ehrenberg*
                                            _____
                                            Jason H. Ehrenberg