

**DEPARTMENT OF THE ARMY**
Walter Reed Army Medical Center
6900 Georgia Ave, NW
Washington, DC 20307+4

4 January 2005

Jason H. Ehrenberg, esq.
Bailey & Ehrenberg PLLC
1155 Connecticut Avenue, NW, Suite 1100
Washington, D.C. 20036

FROM: Office of the Center Judge Advocate (Mr. Claypool)

Subject: Your Letter of Dec. 29, 2004, Re: Notice of Proposed Removal – Madeline Riggiladez

Dear Mr. Ehrenberg

1. I am writing in response to your letter of December 29 concerning the Notice of Proposed Removal that has been given to your client, Madeline Riggiladez. In your letter you list several assumptions regarding your client's employment with this Agency and ask me if they are correct. In the Agency's opinion, they are all incorrect.

2: First, you "assume" that "the Hospital's delay in making any decision on Ms. Riggiladez's employment status and failure to pay any salary to Ms. Riggiladez for the past three months" are in retaliation for the EEO charge she filed. This is simply not that case. Any delay in issuing a decision regarding Ms Riggiladez's employment status is due primarily to the workload of the Deciding Official. The Deciding Official is the Chief of Nursing at the Hospital and has a very wide span of control. As such, she is one of the busiest people in the Hospital and, more often than not, is inundated with work. I imagine the holiday season has exacerbated this problem in that it tends to increase the burdens on supervisors of 24/7/365 operations like the Hospital. I have spoken to the Deciding Official about this matter, and she assures me that she will issue her decision shortly. As for Ms. Riggiladez's salary, the reason she has received none while a decision on her proposed removal was pending is that she has voluntarily absented herself from the workplace. Ms. Riggiladez has filed a Federal Employee Compensation Act (FECA) claim covering 05-22-2004 to the present day. Presumably, she has remained away from work in order to avoid compromising this claim. When the Department of the Army wishes an employee who has received a Notice of Proposed Removal to remain away from the workplace, its practice is to place the employee on administrative leave, which is a paid status, unless specific circumstances exist that justify suspension during the notice period. Such circumstances are not present in this case. Therefore, had Ms. Riggiladez not already absented herself from the workplace to pursue her FECA claim, the Army would have either placed her on administrative leave or kept her on duty. We simply weren't confronted with that issue since she was voluntarily away from the workplace.

3. You also "assume" that your client has been constructively discharged. Of course, the Department of the Army can not make a dispositive statement as to whether this is a correct

Printed on Recycled Paper

assumption or not. That would be up to a third party finder of fact in the event that your client brings a claim alleging constructive discharge. The Army's position is that Ms. Riggiladez **has not** been constructively discharged and that she remains an employee of this agency unless and until the Deciding Official decides to remove her.

4. As to whether or not Ms Riggiladez "should begin to look for other suitable employment to mitigate her damages," the Army's position is that Ms. Riggiladez has suffered no compensable damages because she has voluntarily absented herself from the workplace in order to pursue a FECA claim. Should Ms. Riggiladez decide to abandon her FECA claim and return to the workplace, the Army would then make a decision regarding whether to place her on administrative leave, from that point forward, pending a decision on her proposed removal. Of course, Ms. Riggiladez is entitled to seek other employment and/or to resign from her employment with the Department of the Army at any time. Should she do so prior to the execution of any decision on her proposed removal, the Army will consider that to be a voluntary resignation and not subject to appeal. Obviously, Ms. Riggiladez would be free to contest this position and claim constructive discharge in any appropriate administrative or judicial forum.

5. The Deciding Official is not insensitive to the fact that Ms. Riggiladez is waiting for a decision. COL Edinger will endeavor to issue a decision a soon as possible. In the meantime, if you have any questions or wish to discuss this matter further, please call me at the number below.

                              Sincerely,

                              *[signature]*

                              DAVID W. CLAYPOOL
                              Lead Attorney Advisor
                              WRAMC, Office of the Center Judge Advocate
                              6900 Georgia Avenue
                              Washington DC 20307
                              (202) 782-5811 DSN 662
                              FAX (202) 782-0977