BAILEY & EHRENBERG PLLC
1155 CONNECTICUT AVENUE. N.W. • SUITE 1100 • WASHINGTON, D.C. 20036 • TELEPHONE (202) 465-4729 • FACSIMILE (202) 318-7071

Jason H. Ehrenberg
(202) 465-4729
jhe@becounsel.com

January 5, 2005

**VIA FACSIMILE (202-782-0977)**

David Claypool, Esq.
Office of the Center Judge Advocate
North Atlantic Regional Command and
Walter Reed Army Medical Center
Washington, D.C. 20307-5001

Re:  Notice of Proposed Removal – Madeline L. Riggiladez

Dear Mr. Claypool:

This letter is in response to your letter dated January 4, 2005. In your letter, you state that the reason Ms. Riggiladez has not received any salary for the past several months is that (1) she "voluntarily absented herself from the workplace," (2) you presume that she has remained away from the workplace "in order to avoid compromising [her FECA] claim," and (3) "[w]hen the Department of the Army wishes an employee who has received a Notice of Proposed Removal to remain away from the workplace, its practice is to place the employee on administrative leave, which is a paid status." We address each of these three points below.

First, with regard to Ms. Riggiladez's failure to return to the Hospital thus far, please note that Ms. Riggiladez has remained away from the workplace since October 1, 2004 because it was made clear to her that she was not to return to work until Colonel Edinger made a decision with regard to her Proposed Notice of Removal. This understanding is bolstered by the fact that Ms. Riggiladez's several attempts – and the several attempts of this law office – to contact the Hospital's Civilian Personnel Office to determine the status of her employment were rebuffed and/or left unanswered (to date, the Civilian Personnel Office has failed to return at least four calls from our office and our client inquiring into her employment status and inquiring into what steps should be taken for her to return to work). In any event, your January 4, 2005 letter was the first communication we received from the Hospital indicating that Ms. Riggiladez was free to

David Claypool, Esq.
January 5, 2005
Page 2

return to work. As such, she will be returning to work by visiting the Civilian Personnel Office tomorrow, January 6, 2004.

Next, with regard to your statement that you presume that our client has remained away from the workplace to avoid compromising her FECA claim, please note that our client does not have a pending FECA claim and that she has neither received nor sought FECA benefits since October 1, 2004. And, quite frankly, we view your mere mention of any such FECA claim as further evidence of the Hospital's continuing retaliation against our client for her complaints of disparate treatment and harassment, and her attempts to enforce her legal rights.

Finally, with regard to your statement that "[w]hen the Department of the Army wishes an employee who has received a Notice of Proposed Removal to remain away from the workplace, its practice is to place the employee on administrative leave, which is a paid status," it is clear to us that the Hospital's failure to notify Ms. Riggiladez of her employment status (despite her several inquiries with regard to her status – dating back to early October 2004) and its failure to place her on paid administrative leave during the pendency of Colonel Edinger's decision on the Notice of Removal are further evidence of the Hospital's disparate treatment of our client.

Please feel free to contact me to discuss any of the above.

Sincerely,

Jason H. Ehrenberg