**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MADELINE RIGGILADEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-1337 (RJL) |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| HON. FRANCIS J. HARVEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

Plaintiff, Madeline Riggiladez ("Plaintiff"), hereby submits her Memorandum in Opposition to Defendant, the Hon. Francis J. Harvey, Secretary of the Army's ("Defendant"), Motion to Dismiss, or in the alternative, Motion for Summary Judgment (the "Motion"). As set forth below the Motion should be denied because: (1) as to the Motion to Dismiss, Defendant has not established – or even argued – that Plaintiff's Amended Complaint fails to state the requisite elements of a *prima facie* case for each of her claims this in action; and (2) as to the Motion for Summary Judgment, the Motion is premature.

**Factual and Procedural Background**

Plaintiff was hired by, and began work as a nurse for, Defendant at the Walter Reed Army Medical Center in Washington, D.C. in November 2002. Amended Complaint ("AC") at 2. At all times relevant hereto, Plaintiff performed her duties as a Clinical Nurse at the Hospital at or above applicable standards. AC at 2. In February 2004, Plaintiff injured her knee, sustained a vitreous detachment of her left eye, and injured her left lateral central incisor while performing her duties at the Hospital. AC at 6. These injuries caused Plaintiff to miss

approximately fifteen days of work.  AC at 6.  Upon being cleared by her physicians to return to work, Plaintiff immediately returned to work.  AC at 7.  Upon Plaintiff's return to work, Plaintiff was subjected to ongoing harassment and discriminatory treatment from her supervisors and coworkers on account of her age and perceived disability status.  This harassment and discriminatory treatment took many forms, including but not limited to, random and unnecessary shift changes, derogatory statements from supervisors and coworkers with regard to Plaintiff's age, and unfounded accusations of wrongdoing and poor performance.  AC at 7.  The aforementioned harassment and discrimination caused Plaintiff to have to see a psychiatrist and psychologist who diagnosed Plaintiff with a nervous disorder – the onset of which was caused by the harassment and discrimination to which Plaintiff was subjected at the Hospital.  Plaintiff was prescribed medication by her physicians to help her cope with the emotional distress.  AC at 8.

In late May 2004, Plaintiff was again injured on the job while tending to one of her patients.  While attempting to help an overweight patient sit up in bed, Plaintiff sprained both her back and her groin and re-injured her knee.  AC at 9.  These injuries forced Plaintiff to miss approximately four months of work -- from late May 2004 through early September 2004.  AC at 9. In September 2004, Plaintiff's physicians cleared her to return to work with a start date of October 1, 2004.  AC at 10.  Thereupon, Plaintiff immediately informed Hospital personnel of this clearance and noted that she planned to return to work on October 1, 2004.  AC at 10.  Shortly after Plaintiff informed the Hospital that she would be returning to work, and before Plaintiff was able to return to work, Plaintiff received a Notice of Proposed Removal (the "Notice") from Defendant, stating that Defendant intended to remove Plaintiff from her position at the Hospital.  AC at 11.

Plaintiff subsequently contacted the Hospital's EEO office in early November of 2004 and filed an informal charge of discrimination with the office. AC at 12. An informal investigation was undertaken by the office. AC at 12. After the EEO office completed its initial investigation in January 2005, Plaintiff filed her formal complaint of discrimination on January 25, 2005. In her complaint, Plaintiff alleged that she had been discriminated against based on her age and perceived disability and that she had been retaliated against for filing an EEO charge and engaging in FMLA protected activities. AC at 13. Although Plaintiff made several attempts to inquire as to the status of her employment at the Hospital and informed Defendant of her ability and desire to return to work subsequent to the filing of her informal EEO charge, Defendant retaliated against Plaintiff by not permitting Plaintiff to return to work between November 2004 and February 2005. Nor did Defendant inform Plaintiff as to the status of her employment at the Hospital during this post-EEO charge filing period. Thus, Plaintiff was denied the ability to perform her duties at the Hospital after filing her complaint of discrimination against the Hospital. AC at 14. Similarly, Defendant did not pay Plaintiff any salary during this time. Thus, Plaintiff was deprived of any income after filing her charge of discrimination against Defendant. Defendant also refused to pay FECA benefits due to Plaintiff during this time, even though Plaintiff had earlier provided all information necessary for Defendant to approve the benefits. AC at 15. Defendant terminated Plaintiff's employment on February 8, 2005. AC at 16.

Plaintiff initiated this action in July 2006 to redress deprivation and interference of rights secured by the Age Discrimination in Employment Act, 29 U.S.C. § 626, *et seq.* (the "ADEA"), and the Rehabilitation Act of 1973, 29 U.S.C. § 791, et seq. (the "RHA"). Plaintiff filed her Amended Complaint in this action on December 18, 2006. At Counts I and II of the Amended

Complaint, Plaintiff states claims for discrimination and retaliation under the RHA. At Counts III and IV of the Amended Complaint, Plaintiff states claims for discrimination and retaliation under the ADEA.

## Argument

In its Motion, Defendant asserts that dismissal of the Amended Complaint is appropriate under the standards for both a motion to dismiss and for summary judgment. With regard to the Motion to Dismiss, Defendant argues that dismissal of Plaintiff's claims under the RHA and ADEA is appropriate because Plaintiff has failed to *establish* in her Amended Complaint a *prima facie* case of discrimination or retaliation under the RHA and ADEA. As set forth below, Defendant's argument fails, because Plaintiff is only required to *allege* in her Amended Complaint the requisite elements of a *prima facie* case of discrimination and retaliation and (as Defendant concedes) Plaintiff has set forth in the Amended Complaint each required element for each of her claims. With regard to the Motion for Summary Judgment, Defendant argues that dismissal of Plaintiff's claims under the RHA and ADEA is appropriate because Defendant allegedly has proffered a legitimate non-discriminatory reason for its actions that Plaintiff allegedly cannot rebut. As set forth below, Defendant's argument fails because it is premature – as Plaintiff has not yet had the opportunity to conduct any federal discovery in this action.

    A.    **The Motion to Dismiss Should Be Denied Because Defendant Has Not Demonstrated that Plaintiff Has Failed to State a *Prima Facie* Case of Discrimination and Retaliation in her Amended Complaint**

Defendant's Motion to Dismiss the Amended Complaint must be denied because Defendant has not demonstrated – much less asserted – that Plaintiff has failed to allege cognizable claims upon which relief may be granted. As Defendant notes in its motion, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed when it

4

fails to *state* a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6) (emphasis added). Thus, as Defendant also notes in its motion, Counts I through IV of Plaintiff's Amended Complaint may be dismissed if they fail to *state* a prima facie case of discrimination and/or retaliation under the RHA and ADEA. Defendant, however, has not argued that dismissal of Counts I through IV is appropriate because those claims do not state the requisite a prima facie case. Rather, Defendant has asserted – incorrectly – that dismissal is proper under Rule 12(b)(6) because Plaintiff allegedly cannot *establish* a *prima facie* case of discrimination or retaliation. *See*, *e.g.*, Motion at 9 ("Plaintiff cannot establish a *prima facie* case and, therefore, her claims fail"), 10 (stating that "[t]hus, Plaintiff must prove that she is impaired," and that "as part of her *prima facie* case, Plaintiff must establish that her supervisors "regarded" her as substantially limited"), 11 ("According, she is unable to establish a *prima facie* case of disability discrimination" and "[her] disability claims must be dismissed"). Because Defendant (1) seeks to have the Amended Complaint dismissed under the wrong standard, and (2) has not asserted that Counts I through IV of the Amended complaint fail to state a prima facie claim of discrimination and/or retaliation, the Motion to Dismiss must be denied.

**B.     The Motion for Summary Judgment is Premature and Should Be Denied**

Under Rule 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. . . ." Fed. R. Civ. P. 56(c). All evidence must be viewed "in the light most favorable" to the nonmoving party. *Info. Handling Servs. Inc., v. Def. Automated Printing Servs.*, 338 F.3d 1024, 1032 (D.C. Cir. 2003) (citations omitted). However, summary judgment should ordinarily be entered only after the plaintiff has been given "adequate time for discovery." *Anderson v. Liberty Lobby*, 477 U.S. 242, 257 (1986); *Celotex*

5

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Info Hanlding Servs., Inc.*, 338 F.3d at 1032.  In the context of discrimination cases, summary judgment should be approached with special caution because of the difficulty of proving discriminatory intent and disparate treatment.  *See Regan v. Grill Concepts-D.C., Inc.*, 338 F. Supp. 2d 131, 133 (D.D.C. 2004).

Summary judgment "ordinarily 'is proper only after the plaintiff has been given adequate time for discovery.'" *Americable Int'l, Inc. v. Dep't of Navy*, 129 F.3d 1271, 1274 (D.C. Cir. 1997) (quoting *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1380 (D.C. Cir. 1988)). Under Rule 56(f), a court "may deny a motion for summary judgment or order a continuance to permit discovery if the party opposing the motion adequately explains why, at that timepoint, it cannot present by affidavit facts needed to defeat the motion." *Strang v. United States Arms Control & Disarmament Agency*, 864 F.2d 859, 861 (D.C. Cir. 1989); *Londrigan v. Fed. Bureau of Investigation*, 670 F.2d 1164, 1175 (D.C. Cir. 1981).  "[T]he purpose of Rule 56(f) is to prevent "railroading" the non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery." *Dickens v. Whole Foods Mkt. Group, Inc.*, 2003 U.S. Dist. LEXIS 11791, Civ. No. 01-1054, at *2 n.5 (D.D.C. Mar. 18, 2003) (citations omitted). The district court has discretion in determining whether it should permit additional discovery before the motion for summary judgment is resolved. *Stella v. Mineta*, 284 F.3d 135, 147 (D.C. Cir. 2002).

Rule 56(f) motions should be granted "almost as a matter of course" unless the nonmoving party "has not diligently pursued discovery of the evidence." *Berkeley v. Home Ins. Co.*, 68 F.3d 1409, 1414 (D.C. Cir. 1995) (citations omitted).  And, the District of Columbia Court of Appeals has "long recognized that a party opposing summary judgment needs a 'reasonable opportunity' to complete discovery before responding to a summary judgment

motion and that 'insufficient time or opportunity to engage in discovery' is cause to defer decision on the motion." *Khan v. Parsons Global Services, Ltd.*, 428 F.3d 1079, (D.C. Cir. 2005) (reversing grant of summary judgment and remanding the case to the district court for further proceedings) (citations omitted).

Here, as set forth in the accompanying affidavit of Jason H. Ehrenberg (attached hereto as Exhibit 1), Plaintiff needs a reasonable time to engage in federal discovery before she can adequately respond to the motion. Significantly, most, if not all, of the information Plaintiff needs (for example, to rebut Defendant's proffered legitimate non-discriminatory reason for its actions vis-à-vis Plaintiff and in order to establish pretext) is in the exclusive control and/or possession of Defendant and its current or former employees. In order to adequately oppose Defendant's summary judgment motion, Plaintiff will seek, among other categories of documents, the following documents (to allow her to, among other things, rebut Defendant's articulated reasons for terminating her employment and failing to pay her during the four month period prior to her termination):

- documents relating to or concerning any communications between Defendant and any past or present employee, officer or agent of Defendant regarding Plaintiff's health, disability status and/or age.

- documents relating to any formal or informal charges, grievances, or complaints, of disability or age discrimination made against Plaintiff's supervisors specifically and/or against Defendant generally (by other employees of the Walter Reed Army Medical Center and related facilities in Washington, D.C.) (other charges of discrimination would support a finding of pretext and would undermine Defendant's articulated reason for terminating Plaintiff's employment).

- documents provided by Plaintiff and/or her medical providers to Defendant regarding Plaintiff's health and/or disability status (Defendant contends in its summary judgment motion that Plaintiff cannot establish that Defendant regarded her as having any medical impairment – Plaintiff believes that Defendant has medical documentation in its possession that it did not provide to the EEO investigator below that support's Plaintiff's claims and that refutes Defendant's contention)

- documents concerning or relating to Defendant's policies and practices with regard to employees that have received proposed notices of termination (Plaintiff contends that she was not paid during after receiving her proposed notice of termination for a period of more than three months – Plaintiff also contends that this resulted in her being treated differently than other, younger employees who had received similar notices and that this was in retaliation for her filing her charge of discrimination with Defendant's EEO office and due).

- documentation, likely contained in the personnel files of Plaintiff's supervisors and a limited number of other employees of Defendant that Plaintiff alleges made disparaging comments about Plaintiff's age.

- documents relating to the age and disability status of Defendant's work force, as well as documents concerning or relating to the disability status of any person hired or employed by you to carry out Plaintiff's job responsibilities subsequent to your termination of Plaintiff (such information would assist Plaintiff in establishing pretext).

- documents reflecting all communications between Plaintiff (including her counsel) and Defendant's legal and EEO offices (Defendant's contend in the summary judgment motion that Plaintiff never provided documentation to her supervisors after October 1, 2004 to "justify her absence or request leave, despite Peterson's telephonic requests to Plaintiff – Plaintiff contends that Defendant has in its possession, but did not include in the administrative record below, ample documentation from Plaintiff and her counsel that was provided to Defendant's EEO office and legal counsel that refutes Defendant's contention, which would rebut Defendant's articulated reason for Plaintiff's termination as well as Defendant's articulated reason for failing to pay Plaintiff any salary or benefits for a four month period).

*See* Exhibit 1, Ehrenberg Declaration, at paragraph 8.  Similarly, in order to adequately oppose Defendant's summary judgment motion, Plaintiff needs to propound interrogatories and take the depositions of Plaintiff's first and second line supervisors, as well as a handful of Plaintiff's co-workers, any other individuals involved in the decision to terminate Plaintiff, and representatives from Defendant's EEO office.  *See* Exhibit 1, Ehrenberg Declaration at paragraph 9.[1]  Because

---

[1] By way of example, Defendant has argued in support of summary judgment that Plaintiff did not inform her supervisors that she wished to return to work in October 2004 and, therefore, it did not did not illegally prevent Plaintiff from returning to work.  Plaintiff seriously disputes this averment, contends that she adequately advised her supervisors and representatives of Defendant's EEO office of her desire and intention to return to work in October 2004, and believes that the deposition testimony of several defense

Plaintiff and her counsel are prohibited, under the Federal Rules of Civil Procedure and the District of Columbia's Rules of Professional Responsibility, from contacting defense witnesses; accordingly, Plaintiff will not be able to obtain affidavits from current (and certain former) employees of Defendant and will not be able to obtain testimony from these witnesses absent depositions and sworn interrogatory responses.

As this Court has recognized, the inquiry into whether a plaintiff can rebut a defendant's legitimate, non-discriminatory reason for taking an adverse employment action and demonstrate pretext "is necessarily fact intensive and granting a motion for summary judgment on this issue prior to providing the parties with any opportunity for discovery is clearly contrary to this Circuit's precedent." *Barry v. United States Capitol Guide Board*, Civ. Action No. 04-0168, 2005 U.S. Dist. LEXIS 8381, * 20-21 (D.D.C. May 2, 2005) (granting plaintiff the opportunity to take discovery and denying without prejudice the defendant's motion to dismiss, or in the alternative, for summary judgment). *See also Paquin v. Fannie Mae*, 119 F.3d 23, 28-29 (D.C. Cir. 1997) (reversing district court's denial of plaintiff's rule 56(f) motion because the plaintiff should have been provided the opportunity to conduct discovery to garner facts to refute the defendant's legitimate non-discriminatory reason for the alleged adverse employment action); *Velikonja v. Mueller*, 315 F. Supp. 2d 66, 78-80 (D.D.C. 2004) (granting Rule 56(f) motion because it was unclear based on the undeveloped record whether plaintiff would be able to

---

witnesses will support her allegation (and, therefore, refute Defendant's articulated legitimate, non-discriminatory reason for its actions vis-à-vis Plaintiff). Depositions and written interrogatories are also necessary to allow Plaintiff to establish that Defendant treated Plaintiff differently with regard to her termination and related actions than it did similarly-situated younger employees. *See* Exhibit 1, Ehrenberg Declaration, at paragraph 9. Defendant has also argued that there allegedly is no causal connection between Plaintiff's filing of her EEO charge and Defendant's adverse employment actions because Plaintiff voluntarily chose not to return to work in October 2004. Depositions of key defense witnesses are necessary to rebut this argument and to demonstrate that Plaintiff informed Defendant in September, October, November and December of 2004, that she was ready and able to return to work. Deposition testimony will also reveal that Defendant refused to allow Plaintiff to return to work and/or failed to respond to Plaintiff's inquiries as to whether Defendant would allow her to return to work.

proffer evidence to refute the defendant's articulated legitimate non-discriminatory reason for its actions).

As is the case here, the plaintiffs in *Barry*, *Paquin* and *Velikonja*, all opposed the defendants' motions for summary judgment on the round that further discovery was necessary in order to demonstrate pretext. *See*, *e.g.*, *Paquin*, 119 F.3d at 28, *Velinkonja*, 315 F. Supp.2d at 79. For example, the defendant in *Paquin* explained that the plaintiff's termination was based on his written performance evaluation and the appellate court noted that comparable evaluations of other executives at the plaintiff's level were the type of evidence that might reveal the defendant's explanations as a pretext for discrimination. And, the plaintiff in *Barry* had not had the opportunity to conduct any discovery to develop a factual record to support his claims. *Barry*, 2005 U.S. Dist. LEXIS 8381 at *23. Thus, it was more appropriate to permit discovery so as to afford the plaintiffs "a reasonable opportunity to present all material made pertinent to such a motion by Rule 56 and a chance to pursue reasonable discovery." *Id*. (citations omitted). *See also Banks v. Veneman*, 402 F. Supp.2d 43, 48 (D.D.C. 2005) (denying summary judgment in Title VII action and stating that "[d]enial of a summary judgment motion under Rule 56(f) is appropriate when the record is undeveloped on elements of Plaintiff's claim" and "[w]here discovery could provide the facts to demonstrate that Defendant's proffered reason for the employment is pretextual, summary judgment should be denied) (citing *Stella v. Mineta*, 284 F.3d 135, 147 (D.C. Cir. 2002)). Likewise here, the more appropriate course is to deny the summary judgment motion (or defer ruling on the motion) and allow Plaintiff a reasonable opportunity to marshal the evidence necessary to present her case.

## **Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment, should be denied. Alternatively, the Motion to Dismiss should be denied and the Court should defer a decision on the Motion for Summary Judgment until Plaintiff has had sufficient time to engage in federal discovery.

Dated: January 22, 2007                                       Respectfully submitted,


*//s// Jason H. Ehrenberg*
_____
James C. Bailey
Jason H. Ehrenberg
BAILEY & EHRENBERG PLLC
1155 Connecticut Avenue NW
Suite 1100
Washington, D.C. 20036
Tel:  (202) 465-4729
Fax:  (202) 318-7071
jhe@becounsel.com

## **CERTIFICATE OF SERVICE**

I, Jason H. Ehrenberg, hereby certify that on this 22nd day of January 2007, I caused a true and correct copy of the foregoing to be served via electronic mail through the District Court's ECF filing system, upon the following:

>Steven M. Ranieri
>Special Assistant U.S. Attorney
>555 Fourth Street, N.W.
>Washington, D.C.  20530

*//s// Jason H. Ehrenberg*
_____
Jason H. Ehrenberg