IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| MADELINE RIGGILADEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HON. FRANCIS J. HARVEY, )<br>)<br>Defendant. )<br>) | Case No. 1:06-cv-1337 (RJL)<br><br>**JURY TRIAL DEMANDED** |

### DECLARATION OF JASON H. EHRENBERG

I, Jason H. Ehrenberg, Esq., do hereby affirm and solemnly declare pursuant to 28 U.S.C. § 1746:

1. I am over 18 years of age and if called to testify at trial would be competent to testify as to the matters set forth below.

2. I am counsel of record for the Plaintiff, Madeline Riggiladez ("Plaintiff") in the above-captioned matter.

3. I submit this declaration in support of Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment.

4. Defendant's Motion for Summary Judgment is premature because Defendant has not yet filed a responsive pleading in this action and Plaintiff has therefore not had the opportunity to engage in federal discovery with regard to the Amended Complaint.

5. Defendant has asserted in its Motion for Summary Judgment that dismissal of the Amended Complaint is appropriate because "Defendant has proffered

legitimate, non-discriminatory reasons for its actions that Plaintiff cannot rebut." *See* Defendant's Motion to Dismiss or in the Alternative for Summary Judgment at 6.

7. Discovery is necessary to allow Plaintiff to refute Defendant's articulated legitimate, non-discriminatory reason for terminating Plaintiff's employment and failing to pay Plaintiff any salary for the four month period from October 2004 through January 2004. Discovery is also necessary to allow Plaintiff to establish that Defendant's articulated legitimate, non-discriminatory reason for terminating Plaintiff's employment and failing to pay Plaintiff any salary was pretextual.

8. In order to adequately oppose Defendant's summary judgment motion, Plaintiff will need, among other categories of documents, the following documents (to allow her to, among other things, rebut Defendant's articulated reasons for terminating her employment and failing to pay her during the four month period prior to her termination):

- documents relating to or concerning any communications between Defendant and any past or present employee, officer or agent of Defendant regarding Plaintiff's health, disability status and/or age.

- documents relating to any formal or informal charges, grievances, or complaints, of disability or age discrimination made against Plaintiff's supervisors specifically and/or against Defendant generally (by other employees of the Walter Reed Army Medical Center and related facilities in Washington, D.C.) (other charges of discrimination would support a finding of pretext and would undermine Defendant's articulated reason for terminating Plaintiff's employment).

- documents provided by Plaintiff and/or her medical providers to Defendant regarding Plaintiff's health and/or disability status (Defendant contends in its summary judgment motion that Plaintiff cannot establish that Defendant regarded her as having any medical impairment – Plaintiff believes that Defendant has medical documentation in its possession that it did not provide to the EEO investigator below that support's Plaintiff's claims and that refutes Defendant's contention)

- documents concerning or relating to Defendant's policies and practices with regard to employees that have received proposed notices of termination (Plaintiff contends that she was not paid during after receiving her proposed notice of termination for a period of more than three months – Plaintiff also contends that this resulted in her being treated differently than other, younger employees who had received similar notices and that this was in retaliation for her filing her charge of discrimination with Defendant's EEO office and due).

- certain, limited documentation likely contained in the personnel files of Plaintiff's supervisors and a limited number of other employees of Defendant that Plaintiff alleges made disparaging comments about Plaintiff's age.

- documents relating to the age and disability status of Defendant's work force, as well as documents concerning or relating to the disability status of any person hired or employed by you to carry out Plaintiff's job responsibilities subsequent to your termination of Plaintiff (such information would assist Plaintiff in establishing pretext).

- documents reflecting all communications between Plaintiff (including her counsel) and Defendant's legal and EEO offices (Defendant's contend in the summary judgment motion that Plaintiff never provided documentation to her supervisors after October 1, 2004 to "justify her absence or request leave, despite Peterson's telephonic requests to Plaintiff – Plaintiff contends that Defendant has in its possession, but did not include in the administrative record below, ample documentation from Plaintiff and her counsel that was provided to Defendant's EEO office and legal counsel that refutes Defendant's contention, which would rebut Defendant's articulated reason for Plaintiff's termination as well as Defendant's articulated reason for failing to pay Plaintiff any salary or benefits for a four month period).

9. In order to adequately oppose Defendant's summary judgment motion, Plaintiff also needs to propound interrogatories and take the depositions of Plaintiff's first and second line supervisors, as well as a handful of Plaintiff's co-workers, any other individuals involved in the decision to terminate Plaintiff, and representatives from Defendant's EEO office. By way of example, Defendant has argued in support of summary judgment that Plaintiff did not inform her supervisors that she wished to return to work in October 2004 and, therefore, Defendant did not did not illegally prevent Plaintiff from returning to work. Plaintiff seriously disputes this averment, contends that

she (both personally and through counsel) adequately advised her supervisors, as well as representatives of Defendant's EEO office, of her desire and intention to return to work in October 2004, and believes that the deposition testimony of these defense witnesses will support her allegation (and, therefore, refute Defendant's articulated legitimate, non-discriminatory reason for its actions vis-à-vis Plaintiff). Depositions and written interrogatories are also necessary to allow Plaintiff to establish that Defendant treated Plaintiff differently with regard to her termination and related actions than it did similarly-situated younger employees.

10. Depositions and written interrogatories are also necessary because Plaintiff and her counsel are prohibited, under the Federal Rules of Civil Procedure and the District of Columbia's Rules of Professional Responsibility, from contacting defense witnesses directly; accordingly, Plaintiff will not be able to obtain affidavits from current (and certain former) employees of Defendant and will not be able to obtain testimony from these witnesses absent depositions and sworn interrogatory responses.

11. Finally, Defendant will undoubtedly argue that additional discovery is not necessary here because Plaintiff has in her possession the administrative record developed during the EEO investigation into her charge of discrimination. This argument need not detain the Court long, as Plaintiff did not have the opportunity to take written discovery or conduct depositions during the EEO investigation into her discrimination charge. The administrative record in this case was created and maintained by Defendant's own employees – namely, Defendant's EEO office. Plaintiff was not afforded the opportunity to engage in written discovery during this investigative process. Nor was Plaintiff given the opportunity to take the depositions of the several key

witnesses in this matter. Moreover, at least two or three key witnesses were not even interviewed by the EEO investigator charged with investigating Plaintiff's discrimination charge because those witnesses allegedly were traveling and/or were on active duty in Iraq at the time.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 22nd day of January 2007 at Washington, D.C.

Jason H. Ehrenberg