### IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF COLUMBIA

| | |
|---|---|
| MADELINE RIGGILADEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HON. FRANCIS J. HARVEY, )<br>)<br>Defendant. )<br>) | Case No. 1:06-cv-1337 (RJL)<br><br>**JURY TRIAL DEMANDED** |

### SURREPLY IN OPPOSITION TO DEFENDANT'S
### MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

Plaintiff, Madeline Riggiladez ("Plaintiff"), hereby requests leave of the Court to file her Surreply in Opposition to Defendant the Hon. Francis J. Harvey, Secretary of the Army's ("Defendant"), Motion to Dismiss, or in the alternative, Motion for Summary Judgment (the "Motion"). Plaintiff finds it necessary to file this surreply, as Defendant's Reply in Support of the Motion confuses and misrepresents several issues and facts addressed by Plaintiff in her Opposition.

**I.     The Motion to Dismiss**

With regard to Defendant's Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff would simply note that Defendant did not argue in the Motion, and does not argue in its Reply, that Plaintiff has failed to state a claim upon which relief can be granted with regard to her claims for age discrimination and retaliation at Counts III and IV of the Amended Complaint. Defendant's reply focuses entirely upon Plaintiff's claims under the Rehabilitation Act found at Counts I and II of the Complaint. Defendant still has not argued, nor demonstrated, that

Counts III and IV of the Amended Complaint fail to state a prima facie case of age discrimination and retaliation.

Plaintiff would also note that dismissal of Counts III and IV of the Amended Complaint is improper because Plaintiff has adequately pled these claims. In order adequately state a prima facie case of discrimination under ADEA, Plaintiff must have alleged in the Amended Complaint that (i) she belongs to the protected age group, (ii) she was qualified for the position she held with Defendant, (iii) she suffered an adverse employment action, and (iv) she was replaced by, or otherwise disadvantaged to the benefit of, and/or treated differently than, a younger person. *See Paquin v. Fannie Mae*, 119 F.3d 23, 26 (D.C. Cir. 1997) (citations omitted). Plaintiff has stated each element of the *prima facie* case in her Amended Complaint as follows:

- Plaintiff has alleged that she belongs to the protected age group (*see* AC at 3, stating that Plaintiff "was at all times relevant to this action over the age of 50");

- Plaintiff has alleged that she was qualified for the position she held with Defendant (*see* AC at 5, stating that Plaintiff performed her duties at or above applicable standards);

- Plaintiff has alleged that she suffered an adverse employment action (*see* AC at 10-17, stating that Defendant terminated Plaintiff's employment, did not pay Plaintiff any salary during a three month period, and did not allow Plaintiff to perform her job duties during a five month period); and

- Plaintiff has alleged that she was disadvantaged to the benefit of, and treated differently, than a younger employee (*see* AC at 17, stating that Plaintiff was replaced by a younger individual).

Similarly, in order to adequately state a prima facie case of retaliation under ADEA, Plaintiff must have alleged: (1) that she engaged in a statutorily protected activity; (2) that the employer took an adverse personnel action; and (3) that a causal connection existed between the two. *Stewart v. Evans*, 275 F.3d 1126, 1134 (D.C. Cir. 2002). Plaintiff has stated each element of a prima facie claim for retaliation in her Amended Complaint as follows:

- Plaintiff has alleged that she engaged in a statutorily protected activity (*see* AC at 12-13 and 19-25 noting that Plaintiff filed a charge of discrimination with Defendant's EEO office);

- Plaintiff has alleged that she suffered an adverse employment action (*see* AC at 10-17, stating that Defendant terminated Plaintiff's employment, did not pay Plaintiff any salary during a three month period, did not allow Plaintiff to perform her job duties during a five month period).

- Plaintiff has sufficiently alleged the requisite causal connection (*see* AC at 14-16, stating that, in response to Plaintiff's filing of an information EEO complaint in November 2004, (a) Defendant did not allow Plaintiff to return to work in between November 2004 and February 2005 and (b) Defendant did not pay Plaintiff any salary between November 2004 and February 2005; and that in response to Plaintiff's filing of a formal complaint of discrimination on January 25, 2005, Defendant terminated Plaintiff's employment on February 8, 2005).

In sum, Plaintiff has adequately pled her claims at (and Defendant has failed to establish that dismissal is appropriate under Rule 12(b)(6) as to) Counts of III and IV of the Amended Complaint.

**II.    Rule 56(f) Discovery**

Plaintiff established in her Opposition that she is entitled to discovery under Rule 56(f) of the Federal Rules of Civil Procedure because (1) she had not yet had the opportunity to take *any* federal discovery in this matter and (2) the District of Columbia Court of Appeals has "long recognized that a party opposing summary judgment needs a 'reasonable opportunity' to complete discovery before responding to a summary judgment motion and that 'insufficient time or opportunity to engage in discovery' is cause to defer decision on the motion." *See* Opp. at 5-7 (citing cases). Defendant now argues in its Reply that Plaintiff is not entitled to any discovery because the discovery is overbroad and/or because Plaintiff had sufficient opportunity to obtain this discovery prior to the initiation of this lawsuit. Both of Defendant's arguments miss the mark.

With regard to Defendant's argument as to the scope of the discovery Plaintiff intends to seek in this action, Defendant has intentionally misrepresented the scope of this discovery.

Defendant seeks to have the Court believe that Plaintiff desires discovery against the entire U.S. Army. *See*, *e.g.*, Reply at 5 (stating, incorrectly, that Plaintiff seeks information relating to EEO complaints made against the entire U.S. Army). Contrary to Defendant's assertion, Plaintiff's discovery would be narrowly tailored to the specific issues in this case, the specific actors involved in this case, and the specific locale of Plaintiff's employment. *See*, *e.g.*, Opp. at 7-8 (limiting discovery requests regarding other charges of discrimination to Plaintiff's direct supervisors and to the facility and region in which Plaintiff worked for Defendant). To the extent that this was not made abundantly clear in Plaintiff's Opposition, Plaintiff again notes that the discovery she will seek in this action will be narrowly tailored and limited to the individuals with whom Plaintiff worked and the facility and/or region in which Plaintiff worked.

Defendant also asserts that Plaintiff's Rule 56(f) request should be denied because Plaintiff allegedly had the opportunity to confront relevant witnesses during the administrative proceedings below. This argument also misses the mark. Although Plaintiff and her counsel were able to briefly question the few witnesses called by the EEO investigator below, Plaintiff and her counsel were not afforded the opportunity to question these individuals as would be permitted under the federal discovery rules. The investigator in this matter interviewed all available witnesses in one day. Contrary to Defendant's assertions, due to this one-day limitation, Plaintiff was only afforded a brief opportunity to ask questions of the several witnesses that appeared for interviews (and had to fit her questioning into the time allotted for each individual due to the individual's work schedule). Plaintiff certainly was not able to question the witnesses for the seven plus hours afforded by the Federal Rules of Civil Procedure and the Court's Local Rules. Finally, and most importantly, Defendant fails to note that Plaintiff was not afforded the opportunity to propound written discovery requests and interrogatories upon

Defendant during the administrative proceedings below.  In essence, Defendant seeks to have the Court decide this case on the record established by Defendant prior to the initiation of this lawsuit without allowing Plaintiff *any* opportunity to develop her own evidentiary record.

### III.  Conclusion

For the foregoing reasons, and those set forth in Plaintiff's Opposition, the Motion should be denied.

Dated:  January 30, 2007                                    Respectfully submitted,


*//s// Jason H. Ehrenberg*
_____
James C. Bailey
Jason H. Ehrenberg
BAILEY & EHRENBERG PLLC
1155 Connecticut Avenue NW
Suite 1100
Washington, D.C. 20036
Tel:  (202) 465-4729
Fax:  (202) 318-7071
jhe@becounsel.com

**Attorneys for Plaintiff**

**CERTIFICATE OF SERVICE**

    I, Jason H. Ehrenberg, hereby certify that on this 30th day of January 2007, I caused a true and correct copy of the foregoing to be served via electronic mail through the District Court's ECF filing system, upon the following:

>Steven M. Ranieri
>Special Assistant U.S. Attorney
>555 Fourth Street, N.W.
>Washington, D.C.  20530

                                                *//s// Jason H. Ehrenberg*
                                                _____
                                                Jason H. Ehrenberg