UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MADELINE RIGGILADEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 06cv1337 (RJL) |
| | ) |
| HON. FRANCIS J. HARVEY, | ) |
| Secretary of the Army, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION
(September 21, 2007) [#17, #18, #19]

Plaintiff, Madeline Riggiladez ("Riggiladez"), a former clinical nurse at the Walter Reed Army Medical Center ("Walter Reed" or "the hospital") has sued the Secretary of the Army, Francis J. Harvey, alleging discrimination and retaliation by certain employees at Walter Reed in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 626, *et seq.* (the "ADEA"), and the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.* (the "RHA"). Currently before this Court is defendant's Motion to Dismiss or, in the alternative, for Summary Judgment. Upon consideration of defendant's motions and the entire record herein, this Court GRANTS defendant's Motion to Dismiss Counts I, II, and IV, and GRANTS defendant's Motion for Summary Judgment on Count III.[1]

---

[1] To the extent plaintiff requests document discovery in her opposition to the defendant's motion for summary judgment, that too is DENIED. None of the categories of documents that plaintiff states she needs will rehabilitate her insufficient allegations or establish a genuine issue of material fact.

## BACKGROUND

Riggiladez filed her Amended Complaint in this action on December 18, 2006, alleging discrimination on the basis of a perceived disability in violation of the RHA, discrimination on the basis of age in violation of the ADEA, and retaliatory discharge. (Am. Compl. ¶¶ 27, 32, 36.) She alleges that in February 2004 she incurred on-the-job injuries to her knee, left eye, and left incisor and consequently missed fifteen work days. (*Id.* ¶ 6.) These injuries apparently occurred shortly after her supervisor informed her that she was not performing at an acceptable level and that she would be placed on a performance improvement plan. After returning to work on March 27, 2004, plaintiff contends that she was the subject of discriminatory treatment due to her age (*i.e.*, fifty-five years old at that time)[2] and her perceived disability. This discriminatory conduct took the form of "random and unnecessary shift changes, derogatory statements from supervisors and coworkers with regard to [her] age, and unfounded accusations of wrongdoing and poor performance." (*Id.* ¶ 7.) She was placed on a performance improvement plan in April 2004.

In May, 2004, plaintiff was assigned to care for a seventy-two year old female patient recovering from heart surgery. (Def. Stmt. Facts ¶ 29.) At some point thereafter, however, the nurse who took over this patient's care from the plaintiff noticed that the patient had an irregular heart beat and that Riggiladez had neither reviewed the patient's monitoring report, nor apprised the attending physician of the patient's condition. (*Id.* ¶¶

---

[2]This was not the first time plaintiff had complained to her superiors about age-related conversations directed towards her. In 2003 she did so and it resulted in anti-discrimination training for some of her colleagues. (Def. Stmt. Facts ¶¶ 9-10.)

31-33.) Coincidentally, Riggiladez informed her supervisor later that day that she had re-injured her right knee and lower back that same day. (Am. Compl. ¶ 9.) Thereafter, the plaintiff did not report to work, later claiming that the injuries she allegedly sustained that day caused her to be unable to work until October 1, 2004.

Shortly before receiving a medical clearance on October 1, 2004, however, plaintiff received a Notice of Proposed Removal ("Removal Notice") informing her of Walter Reed's intent to terminate her employment. (*Id.* ¶ 11.) The hospital contends that Riggiladez was terminated because she failed to improve her performance after the filing of a performance improvement plan, and, for her negligence on May 23, 2004, when she failed to report a patient's irregular heart beat or review the patient's telemetry report, thereby putting the patient at risk of death or serious injury. (Def. Ex. 1b at 22.)

In January 2005, plaintiff filed a charge of discrimination and retaliation with the EEO based upon the alleged discriminatory treatment and the Removal Notice. (Am. Compl. ¶ 13.) She also alleges that Walter Reed precluded her from working and receiving a salary or benefits from November 2004 to February 2005. (*Id.* ¶¶ 14, 15.) The hospital denies the allegation, noting that plaintiff neither returned to work, nor provided documentation to justify her absence, despite repeated requests. (Def. Ex. 2 at 227-32.) Walter Reed finalized plaintiff's termination on February 8, 2005. (Am. Compl. ¶ 16.)

## ANALYSIS

*A.     Legal Standards*

Defendant moves to dismiss Counts I, II, and IV pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss for failure to state a claim will not be granted unless the complaint does not contain "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007), and there is no "reasonably founded hope" that the plaintiff can make a case, *id.* at 1969 (quoting *Blue Chips Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1917)). In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(6) and 9(b), this Court must view the factual allegations in the light most favorable to the plaintiff. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25 (D.C. Cir. 1997). However, even if the Court accepts as true all of the factual allegations set forth in the complaint, *Doe v. U.S. DOJ*, 753 F.2d 1092, 1102 (D.C. Cir. 1985), and construes the complaint liberally in favor of the plaintiff, *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979), it "need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Defendant moves for summary judgment on Count III pursuant to Federal Rule of Civil Procedure 56. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 322-24 (1986). In deciding whether there is a disputed issue of material fact, the Court must draw all justifiable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Where the court finds that facts material to the outcome of the case are at issue, a case may not be disposed of by summary judgment. *Id.* at 248.

**B.    *Count I: Discrimination Claim Under the RHA***

To establish a prima facie case of prohibited employment discrimination under the RHA based on disparate treatment, plaintiff must show that she "'[has] a disability within the meaning of the [RHA]; that [she] was 'qualified' for the position with or without reasonable accommodation; and that [she] suffered an adverse employment action because of [her] disability.'" *Duncan v. Wash. Met. Area Transit Auth.*, 240 F.3d 1110, 1114 (D.C. Cir. 2001) (quoting *Swanks v. WMATA*, 179 F.3d 929, 934 (D.C. Cir. 1999)). An employee is "regarded as" disabled under the RHA if: (1) her employer mistakenly believes that she has a "physical impairment that substantially limits one or more major life activities"; or (2) her employer "mistakenly believes that an actual, non-limiting impairment substantially limits one or more major life activities." *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489 (1999). In this case, Riggiladez claims that defendant mistakenly believed that her non-limiting impairment substantially limited her life activities, yet alleges no facts that suggest that defendant regarded her as disabled. To the contrary, plaintiff's own allegations imply that defendant *did not* believe her to be disabled, as plaintiff received medical clearances to return to work after both alleged injuries. (Am. Compl. ¶¶ 6, 10.) Moreover, even if Riggiladez had returned to work with limited duties,

5

such accommodations alone are insufficient to establish that defendant regarded her injuries as amounting to a disability. *See Paegle v. Dep't of Interior,* 813 F. Supp. 61, 65 (D.D.C. 1993) (holding that an employee was not "regarded as" disabled when his employer placed him on limited duty believing that the employee had a minor injury and would soon recover). Accordingly, defendant's motion to dismiss plaintiff's discrimination claim under the RHA is GRANTED.

C.     *Counts II and IV: Retaliation Claims under the RHA and ADEA*

Turning to Riggiladez's retaliation claims, to establish a prima facie case of retaliation under both the RHA and the ADEA, plaintiff must show that: (1) she engaged in a statutorily protected activity; (2) her employer took an adverse personnel action against her; and (3) a causal connection between the two exists. *McKenna v. Weinberger,* 729 F.2d 783, 790 (D.C. Cir. 1984). A causal connection between the protected activity and the adverse personnel action requires a showing that: (1) the employer had knowledge of the employee's protected activity; and (2) the adverse personnel action occurred shortly after that activity. *Mitchell v. Baldrige,* 759 F.2d 80, 86 (D.C. Cir. 1985). Yet, an adverse employment action following soon after the employee's engagement in the protected activity cannot establish causation if the employer contemplated the adverse action *before* the employee's protected activity. *Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 272 (2001) ("Employers need not suspend previously planned [employment actions] upon discovering that a . . . suit has been filed, and their proceeding along lines previously contemplated, though not yet definitively determined, is no evidence whatever of causality").

Here, although defendant did not finalize plaintiff's termination until February 2005, almost a month after plaintiff filed her EEO complaint, defendant initiated plaintiff's termination with the Notice of Proposed Removal in September 2004, approximately four months *before* plaintiff filed her formal EEO complaint and one month *before* filing her EEO inquiry form. (Am. Compl. ¶¶ 11-14.) Thus, plaintiff has failed to establish a prima facie case of retaliation.

Plaintiff also claims that defendant retaliated against her by precluding her from returning to work by failing to inform her of her employment status. However, she alleges no facts that suggest that defendant's alleged failure to keep her informed of her status constitutes an adverse personnel action, and, thus she has failed to establish a prima facie case. Moreover, although plaintiff alleges that she "planned to return to work on October 1, 2004," in fact, she did not return on that date, or any subsequent date. (*Id.* ¶¶ 10, 12.) Accordingly, *even if* defendant "prevented" her from working, this prevention began on October 1, over four months *before* plaintiff filed her EEO complaint (and one month before she filed her EEO inquiry), and, thus, she cannot establish a claim of retaliation. For these reasons, defendant's motion to dismiss plaintiff's retaliation claims is GRANTED.

**D.    *Count III: Discrimination Claim under the ADEA***

Finally, Walter Reed moves for summary judgment on Riggiladez's claim of age discrimination pursuant to the ADEA. To support her claim, plaintiff must first establish a prima facie case of age discrimination by showing: (1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4)

circumstances supporting an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 506 (2002). If plaintiff does so, the burden shifts to defendant to articulate a legitimate, nondiscriminatory reason for plaintiff's discharge. *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 248 (1981).

In this case, even assuming Riggiladez established a prima facie case of age discrimination, her claim must be dismissed because Walter Reed has established that she was terminated for a legitimate nondiscriminatory reason. Plaintiff had a record of poor performance, failed to improve, and was negligent in her care of a post-surgical patient, placing that patient at high risk of death or serious injury.[3] (*See* Def. Ex. 1b at 22.) Because defendant has established that plaintiff was terminated due to her negligence and poor performance rather than because of discrimination based upon her age, plaintiff's age discrimination claim fails and defendant's motion for summary judgment as to this claim is GRANTED.

Thus, for all of the foregoing reasons, the Court GRANTS defendant's motion to dismiss as to Counts I, II, and IV and motion for summary judgment on Count III. An appropriate Order will issue with this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

[3] The Court finds that plaintiff's poor performance and negligence in patient care is not a pretext for age discrimination because such grounds for termination are patently more persuasive and "[]worthy of credence" than her tenuous age discrimination theory. *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MADELINE RIGGILADEZ,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 06cv1337 (RJL) |
| ) | |
| **HON. FRANCIS J. HARVEY,** ) | |
| **Secretary of the Army,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

For the reasons set forth in the Memorandum Opinion above, it is this 21st day of September, 2007, hereby

**ORDERED** that the defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment [#17] is **GRANTED**, and it is further

**ORDERED** that this case be dismissed.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge